UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS				CRIMINAL ACTION NO. 5:07cr17-DCB-JCS-007

CADIE MAE BUNCH							DEFENDANT

### ORDER

This cause is before the Court on the defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 251], wherein the defendant requests a reduction of her sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, the government's response thereto, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On October 25, 2007, the defendant entered a plea of guilty to one count of conspiracy to distribute cocaine base, i.e., crack cocaine. The original sentence imposed was 63 months imprisonment, 60 months supervised release, and a $1,500.00 fine. The defendant had a base offense level of 34. Bunch received a three-level reduction for acceptance of responsibility, an additional three-level downward departure pursuant to USSG § 5K1.1, and an

additional two-level reduction, resulting in a total offense level of 26. She was in a criminal history category of I. The applicable guideline range for a total offense level of 26 and a criminal history category of I was 63 to 78 months. Bunch received the minimum guideline sentence.

Bunch now moves for a reduction of her sentence pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses. Amendment 706 went into effect on November 1, 2007. The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

Bunch is not eligible for a reduction of her sentence pursuant to this amendment. Since Amendment 706 went into effect on November 1, 2007 and the defendant was not sentenced until March 18, 2008, the new guidelines--to whatever extent applicable to her case--have already been taken into consideration. Thus, the defendant's request for a sentence reduction is without merit.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction

of Sentence [docket entry no. 251] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant Cadie Mae Bunch's sentence remain at a term of 63 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 19th day of March 2009.

                                   s/ David Bramlette
                                   **UNITED STATES DISTRICT JUDGE**